June 17th, 1904.

————o————

No 3504.

(Court of Appeal, Parish of Orleans.)

THEODORE A. GLUCKMAN vs THE UNION METAL WORKS ET AL.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division D.

Henriques and Duchamp, for Plaintiff and Appellant.

G. Fernandez Sr. Defendant and Appellee.

DUFOUR, J. The sole issue presented herein by the evi-

287

dence received without objection is whether the plaintiff entered into a partnership with the defendants for the purpose of making faucets, or he was merely their employee.

The testimony is conflicting in every essential particular.

Gluckman swears that he put in a certain amount of money which was handed by him to Burke and that there was an agreement of partnership.

Prager says he thinks that Gluckman in Burk's presence told him the latter was his partner. Curry testifies that Burke told him he had received some money from Gluckman. The defendants proof is equally positive that plaintiff never gave them any money, was not a partner but a mere employee. Prager's statement is denied by Burke, and other employees say that, so far as they knew, there was nothing to show that Gluckman was a patner.

Plaintiff brought defendant's books into Court and used them. they are evidence against him and he cannot divide the entries. Three of these show payment of certain amounts to Gluckman, not as a division of profits of a partnership, but *as wages.*

Burke admits that his books were badly kept, but adds that at times plaintiff's wages were included in general entry "to shop". Without cumulative proof, we cannot destroy the effect of the books called for and used by plaintiff because of certain suspicious circumstances suggested. The most that could be done would be to disregard the books altogether, and this would in no wise affect the result.

We do not see our way clear to disregard the conclusion of facts evolved by the district judge from the conflicting evidence.

The non-suit against Burke was proper, but we see no reason why there should have been an absolute judgment in favor of Bielfeld, who appears to have been connected with Burke in all of these transactions so far as the making and selling of the faucets are concerned.

Judgment amended as to read as follows :

It is ordered, adjudged and decreed that there be judgment dismissing plaintiff's demand as in case of non-suit, and as amended, that said judgment be affirmed at the costs of appellees in this Court and of appellant in the lower Court.